# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sheila Finnegan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7329 | **DATE** | 9/12/2011 |
| **CASE TITLE** | Asha Subraya Bhat vs. Accenture, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Objection to Judge's Opinion and Order Filed August 23, 2011 on Both Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment and Request for Review De Novo by Another Judge if Allowed [141] is denied for the reasons explained below.

■[ For further details see text below.]

Mailed notice.

## STATEMENT

Plaintiff Asha Subraya Bhat filed a pro se lawsuit charging her former employer, Defendant Accenture LLP, with sex, race and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. On August 23, 2011, the Court granted summary judgment in favor of Defendant and against Plaintiff on all claims. (Doc. 139, 140). Plaintiff has now filed objections to the Memorandum Opinion and Order, and seeks de novo review by another judge pursuant to "LR50.4." (Doc. 141, at 2). There is no Local Rule 50.4 in the Northern District of Illinois, but the Court construes Plaintiff's motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

"To succeed on a Rule 59(e) motion, the moving party must present newly discovered evidence, point out an intervening change in controlling law, or clearly establish that the court committed a manifest error of law or fact." *Citadel Group Ltd. v. Washington Regional Med. Ctr.*, No. 07 C 1394, 2011 WL 1811396, at *2 (N.D. Ill. May 12, 2011) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). *See also Hickory Farms, Inc. v. Snackmasters, Inc.*, 509 F. Supp. 2d 716, 719 (N.D. Ill. 2007) ("Reconsideration is appropriate, generally speaking, only when the Court overlooked or misunderstood something.") "A motion for reconsideration should not be used for 'rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.'" *Id.* (quoting *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270).

## STATEMENT

Plaintiff claims that Defendant relied on inadmissible evidence to support its motion for summary judgment, and that the Court gave too much weight to affidavit statements "given now" and "not considered at the time the decision was made." (Doc. 141, at 1-2). The Court addressed both of these arguments in the August 23, 2011 opinion. (Doc. 139, at 3-6). The mere fact that Plaintiff disagrees with the Court's analysis is not enough to justify amending the judgment.

Plaintiff also objects that the Court did not understand the distinction between her "Additional Facts" and her "Material Facts." (Doc. 141, at 2). This is inaccurate. First, Plaintiff improperly raised her "Additional Facts" in a reply brief without first seeking leave of the Court. *See Cleveland v. Prairie State College*, 208 F. Supp. 2d 967, 972 (N.D. Ill. 2002) (striking facts raised in a reply brief because "any other interpretation [of LR56.1] would result in endless duels of supposedly 'uncontested' facts that would eviscerate the efficiencies sought to be achieved by the summary judgment process.") Rather than striking the facts outright, however, the Court carefully reviewed them and considered whether they were material. Based on that review, the Court determined that any "Additional Fact" not cited in the August 23, 2011 opinion was not outcome-determinative and, thus, did not preclude summary judgment against Plaintiff. *Montgomery v. American Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010) ("[D]isputed facts that are not outcome-determinative are not material and will not preclude summary judgment.")

Plaintiff further claims that the Court overlooked the fact that the parties had filed cross-motions for summary judgment. (Doc. 141, at 2). To the contrary, the Court clearly set forth and applied the standard for reviewing cross-motions for summary judgment, and considered all of the parties' arguments in that regard. (Doc. 139, at 21-22).

Plaintiff has not presented any evidence that the Court committed a manifest error of law or fact in this case, and her request to alter or amend the judgment is denied. Plaintiff also cites no authority for her request for de novo review by another judge, and that request is denied as well.